**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Case No. 3:13-bk-04103** |
| **ABERDEEN LAND II, LLC,** | **Chapter 11** |
| Debtor. | |
| _____/ | |

**APPLICATION OF THE DEBTOR-IN-POSSESSION FOR APPROVAL, ON AN INTERIM AND FINAL BASIS, OF EMPLOYMENT OF KAPILA & COMPANY AS FINANCIAL CONSULTANTS AND ACCOUNTANTS FOR DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

**ABERDEEN LAND II, LLC,** as debtor and debtor-in-possession in the above-captioned case ( the "Debtor" or the "Company"), respectfully requests the entry of an interim order and final basis, pursuant to Sections 327 and 330 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code") and Rules 2014, 2016 and 6003 of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Kapila &Company ("Kapila & Co.") *nunc pro tunc* to the Petition Date, as hereinafter defined, to represent the Debtor as its financial consultants and accountants in connection with the above-styled Chapter 11 proceedings (this "Application"). In support of this Application, the Debtor relies upon the *Declaration of Soneet R. Kapila, on behalf of Kapila & Co., as Proposed Financial Consultants and Accountants for the Debtor Nunc Pro Tunc to the Petition Date* attached hereto as ***Exhibit A*** (the "Kapila Declaration").In further support of this Application, the Debtor represents as follows:

**I.     BACKGROUND AND BUSINESS OPERATIONS**

    **A.     The Chapter 11 Filing**

1. On July1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11, title 11, of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors' committee has yet been appointed in this case. In addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicates for the relief requested herein are Sections 327(a) and 330 of the Bankruptcy Code and Rules 2014, 2016 and 6003 of the Federal Rules of Bankruptcy Procedure.

**B.     General Background and Business Operations**

5. The Debtor in this Chapter 11 case owns, operates and/or is otherwise affiliated with the fully integrated, master-planned residential community known as "Aberdeen" (the "Development") located in Northwest St. Johns County just west of Durbin Crossing. The Development is just minutes to Interstate 95 and I-295 with easy access to shopping centers, restaurants, schools and recreational venues found in downtown Jacksonville, Orange Park and historic St. Augustine. The Development is nestled around vast wetland conservation area and consistsof a total of 1,316 acres, 1,623 single family lots and 168 multi-family units. Additionally, the plan calls for 501 acres of on-site upland and wetland conservation, and 68

acres for lakes. The Development has been approved and vested by the State of Florida as a Developmentof Regional Impact.

6. Some of region's finest builders in Aberdeen include D.R. Horton, Rosewood Homes, Watson Custom Home Builders and Woodside Communities of North Florida. Price range of homes vary from stylish townhomes to beautifully designed single-family homes, all located in uniquely individual communities. Aberdeen features an impressive selection of standard and Designer Series floor plans with six distinct neighborhoods: Castlegate, Greenstone, Highland Point, Stirling Bridge, Stonehaven and Sutherland Forest.

7. In addition to the home and lot inventory, a brand new public school, a Village Center with 100,000 square feet of commercial/ office, prestigious entry monuments and several community parks make up the balance of the developed acreage.

8. The Debtor owns 756 undeveloped residential lots in the Aberdeen Development, as well as 28.1 +/- acres of property which is zoned for the development of commercial and/or retail uses.

## II.    RELIEF REQUESTSED

9. By this Application, the Debtor seeks to employ and retain Kapila & Co. as financial consultants and accountants in this Chapter 11 proceeding. Accordingly, the Debtor respectfully requests the entry of an interim order on an expedited basis pursuant to Section 327(a) of the Bankruptcy Code, followed by the entry of a final order to be entered at a hearing to be held twenty-one (21) days later, authorizing it to employ and retain Kapila & Co. *nunc pro tunc* tothe Petition Date,to provide the financial services that will be necessary during these cases as more fully described below.

10. The Debtor believes that the representation of accountants and financial advisors, Kapila & Co., is critical to the Debtor' efforts to identify, secure and liquidate the assets of the Debtorbecause Kapila & Co. has extensive experience and expertise in complex business reorganization and liquidation cases. Accordingly, Kapila & Co. is well-suited to guide the Debtor through the Chapter 11 process.

A. **Services To Be Provided**

11. The services of Kapila & Co. are necessary to enable the Debtor to faithfully execute its duties in connection with this case. Subject to order of this Court, Kapila & Co. will render, among others, the following services to the Debtor for the benefit of the estate:

(a) Evaluate the Debtor's financial condition including assessingthe Debtor'soperations and cash flow, assisting in projecting and monitoring monthly cash flow, and accounting and reporting on the use of cash collateral;

(b) Preparing monthly financial reports of the estate, as well as the schedules and statement of financial affairs the Debtor as required by the Bankruptcy Code;

(c) Review and evaluatethe Debtor'schapter 11 plan and disclosure statement or other Plan(s) that may be filed in this case;

(d) Assist in the operation of the Debtor, if applicable;

(e) Review and prepare any and all financial information required of the Debtor's including its assets and liabilities;

(f) Review and analysis of the organizational structure of and financial interrelationships among the Debtor,including a review of the books and records of such companies or persons as may berequested;

(g) Review and analysis of transfers to and from the Debtor to third parties, both pre-petition and post-petition;

(h) Attendance at meetings with the Debtor, its creditors, theattorneys of such

      parties, and with federal, state, and local tax authorities, if requested;

(i)    Assist the Debtor in tax compliance

(j)    Review of the books and records of the Debtor for potential preference payments, fraudulent transfers, or any other matters that the Debtor may request; and

(k)    The rendering of such other assistance in the nature of accounting services, financial consulting or other financial projects as the Debtor may deem necessary, including assistance with the Debtor's Plan of Liquidation and Disclosure Statement as requested by Debtor's counsel.

12.    Kapila & Co. is willing to provide these services to the Debtor as set forth above.

**B.    Terms of Retention**

13.    Kapila & Co.'s fees are based upon the hours actually expended by each assigned staff member according to the applicable hourly billing rate.

14.    The hourly rates for the professionals and staff at Kapila & Co. range from $120 to $520 per hour. Kapila & Co. reserves the right to increase its hourly rates in accordance with its normal and customary business practices. The currently hourly rates are as follows:

| Position | Rate Range |
|---|---|
| Partners | $366 to $520 |
| Professionals | $120 to $300 |
| Para Professionals | $100 to $150 |

15.    In the normal course of business, Kapila & Co. revises its hourly rates on annually. These rates are adjusted periodically, in part due to the promotion of its staff members. The hourly rates charged for Kapila & Co.'s work on this engagement will reflect the hourly rates in effect at the time services are rendered.

16.    Kapila & Co. intends to apply to the Court for allowance of compensation for

5

professional services rendered and for reimbursement out-of-pocket expenses, such as travel, vendor charges, etc. that are incurred in this Chapter 11 case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court.

17. Kapila & Co. has agreed to accept as compensation such sums as may be allowed by the Court on the basis, among others, of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this case.

18. As of the Petition Date, Kapila & Co. has received the following retainer payments:

| Date Received | Amount Received |
| --- | --- |
| 2/7/13 | $35,000 |
| 6/26/13 | $35,000 |

19. As of the Petition Date, Kapila & Co. has applied the following amounts from the retainer payments received to invoices billed to the Debtor:

| Date of Invoice | Amount of Invoice |
| --- | --- |
| 6/28/13 | $5,964.00 |

20. Other than as set forth herein and in the Kapila Declaration, no arrangement is proposed between the Debtor and Kapila & Co. for compensation to be paid in this case, and no agreement or understanding exists between Kapila & Co. and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

21. No previous request for the relief sought in this Application has been made to this

Court or any other Court.

### III. BASIS FOR RELIEF REQUESTED

22. The Debtor has selected Kapila & Co. as its financial consultants and accountants because of Kapila & Co.'s extensive experience, knowledge and expertise in the field of financial consulting and accounting in connection with reorganizations and liquidations under Chapter 11 of the Bankruptcy Code.

23. The Debtor desires to employ Kapila & Co. under a general retainer because of the extensive financial and accounting services that will be required in connection with its Chapter 11 cases and Kapila & Co.'s.

### IV. DISINTERESTEDNESS OF PROFESSIONALS

24. Except as set forth in the Battista Declaration, to the best of the Debtor's knowledge, the professionals and staff of Kapila & Co.: (a) do not have any connection with the Debtor, its affiliates, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or its respective attorneys and accountants; (b) are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtor's estate.

25. More specifically, as set forth in the KapilaDeclaration:

    (a) Neither Kapila & Co. nor any of its professionals or staff holds or represents an interest adverse to the Debtor's estate.

    (b) Neither Kapila & Co. nor any of its professionals or staff is or was a creditor, an equity holder, or an insider of the Debtor.

    (c) Neither Kapila & Co. nor any of its professionals or staff is or was, within two years before the Petition Date, a director, officer or employee of the Debtor.

7

  (d) Kapila & Co.does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

## V. REQUESTS FOR INTERIM RELIEF

26. Section 327(a) of the Bankruptcy Code provides that the Trustee or Debtor in Possession, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

27. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

28. Pursuant to the recently revised Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within twenty-one (21) days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm.  Bankruptcy Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first twenty-one

(21) days of a chapter 11 case. *See, e.g., First NLC Fin. Servs, LLC*, CaseNo. 08-10632 (Bankr. S.D. Fla. Jan. 28, 2008); *In re TOUSA, Inc., et al.,* Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008)(approving interim retentions of financial advisor and legal counsel on interim basis within the first twenty-one (21) days of chapter 11 case).

29. First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule 6003. Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as obtaining credit and seeking use of cash collateral. That process is well established: if the court is so disposed, the partial relief is granted for the interim before the final hearing can be conducted. Later, after further opportunity for other parties in interest to consider the application and to object, the court, if so disposed will grant the balance of the relief requested.

30. Second, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case…." Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

31. Interim relief is clearly justified and appropriate in the context of this Application.

32. Kapila & Co. will play an integral role in the first twenty-one (21) days of these chapter 11 cases. Among other things, the Debtor will need Kapila & Co.'s assistance in stabilizing business operations, monetizing the assets, negotiating with key creditor constituencies including cash collateral and DIP financing, addressing issues related to the "first day" hearing and related orders, preparing the Debtor's schedules and statements of financial

affairs, and defining the Debtor's path post-petition.

33. Accordingly, the Debtor submits that they have satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order authorizing the Debtor to retain and employ Kapila & Co. on an interim basis and to compensate Kapila & Co. for any services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in these cases. This interim form of relief ensures the availability of Kapila & Co.'s full resources to the Debtor during a critical period in these cases, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an interim order: (i) authorizing the Debtor's retention ofKapila & Company on an interim basis upon the terms outlined in this Application *nunc pro tunc* to the Petition Date; (ii) setting a final hearing on this Application at least twenty-one (21) days from the date of the interim order; and (iii) granting such other and further relief as is just and proper.

Dated: July 1, 2013.

        **GENOVESE JOBLOVE & BATTISTA, P.A**.
        *Proposed Attorneys for Debtor-in-Possession*
        100 Southeast Second Street, Suite 4400
        Miami, Florida 33131
        Telephone: (305) 349-2300
        Facsimile : (305) 349-2310

        By:   /s/ Paul J. Battista
             Paul J. Battista, Esq.
             Florida Bar No. 884162
             pbattista@gjb-law.com
             Mariaelena Gayo-Guitian, Esq.
             Fla. Bar No.  0813818

mguitian@gjb-law.com
Heather L. Harmon, Esq.
Florida Bar No. 13192
hharmon@gjb-law.com

EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Case** |
| **ABERDEEN LAND II, LLC,** | **Case No.** 3:13-bk-04103 |
| **Debtor.** _____/ | |

## DECLARATION OF SONEET R. KAPILA, ON BEHALF OF KAPILA & COMPANY, IN SUPPORT OF APPLICATION OF THEDEBTOR-IN-POSSESSION FOR APPROVAL, ON AN INTERIM AND FINAL BASIS, OF EMPLOYMENT OF KAPILA & COMPANY AS FINANCIAL CONSULTANTS AND ACCOUNTANTS FOR DEBTOR-IN-POSSESSION <u>*NUNC PRO TUNC*</u> TO THE PETITION DATE

**SONEET R. KAPILA,** makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

1. I am a founding partner of Kapila & Company ("Kapila & Co."). Kapila & Co. maintains offices at 1000 South Federal Hwy, Suite 200, Fort Lauderdale, FL 33316. I am familiar with the matters set forth herein and make this Declaration in support of the *Application of the Debtor-In-Possession for Approval, on an Interim and Final Basis, of Employment of Kapila & Company as Financial Consultants and AccountantsNuncPro Tunc to the Petition Date*(the "Application").

2. I am a duly licensed Certified Public Accountant in the State of Florida.

3. I am a member of the Chapter 7 Panel of Trustees in the Southern District of Florida and have been appointed trustee in bankruptcy cases in the Middle District of Florida.

4. In support of the Application, I disclose the following:

    a. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

b. In preparing this Declaration, I have reviewed the list of all creditors and equity security holders of the Debtor provided to us by the Debtor's representatives.

c. Kapila & Co. has reviewed its internal records and compared he information obtained from the Debtor with the information contained in its internal records. The facts stated in this Declaration as to the relationship between Kapila & Co. and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of Kapila & Co.'s records. Based upon such search, Kapila & Co. does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of Kapila & Co. in respect of its representation of the Debtor herein.

5. Kapila & Co. neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

6. Neither I nor Kapila & Co. has or will represent any other entity in connection with these cases, and neither I nor Kapila & Co. will accept any fee from any other party or parties in these cases, except the Debtor-In-Possession, unless otherwise authorized by the Court.

7. The fees and costs to be incurred by Kapila & Co. in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

8. The hourly rates for the professionals and staff at Kapila & Co. range from $100 to $520 per hour. The hourly rates are as follows:

2

| Position | Rate Range |
|---|---|
| Partners | $366 to $520 |
| Professionals | $120 to $300 |
| Para Professionals | $100 to $150 |

Kapila & Co. reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

9. No promises have been received by Kapila & Co., nor any principal or employee thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

10. As of the Petition Date, Kapila & Co. has received the following retainer payments:

| Date Received | Amount Received |
|---|---|
| 2/7/13 | $35,000.00 |
| 6/26/13 | $35,000.00 |

11. As of the Petition Date, Kapila & Co. has applied the following amounts from the retainer payments received to invoices billed to the Debtor:

| Date of Invoice | Amount of Invoice |
|---|---|
| 6/28/13 | $5.964.00 |

12. As of the Petition Date, the Chapter 11 Retainer has been transferred to the a segregated retainer account of Kapila & Co. In connection with the preparation of this chapter 11 case, Kapila & Co. was required to estimate the amount of fees and expenses incurred during the last several days prior to the Petition Date. Kapila & Co. paid such estimated amounts from the Retainer prior to the filing of thischapter 11 case. If and to the extent the actual fees and

3

expenses incurred during such time period are less than the estimated amounts paid, then Kapila & Co. shall transfer such difference to the Chapter 11 Retainer. If and to the extent that the actual fees and expenses incurred during such time period exceed the estimated amounts paid, then Kapila & Co. hereby waives such excess fees and expenses.

13. No person at Kapila & Co. holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

14. No person at Kapila & Co. is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

15. No person at Kapila & Co. is in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

16. No person at Kapila & Co. is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

17. No person at Kapila & Co. is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

18. No person at Kapila & Co. has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the Petition Date.

19. No person at Kapila & Co. has any other interest, direct or indirect, that may be affected by the proposed representation.

20. Except as set forth herein, no person at Kapila & Co. has had or presently has any connection with the above-captioned Debtor or the estate on any matters in which Kapila & Co. is

to be engaged, except that I, Kapila & Co. and our employees: (i) may have been engaged in the past and may be engaged in the future in other cases in which one or more of said parties may be involved; and (ii) may be engaged by certain of the Debtor's creditors in matters unrelated to this case.

21. This concludes my declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of July, 2013.

_____
SONEET R. KAPILA